### In the Matter of: Paul C. GOSNELL.

### No. 49S00–0608–DI–307.

Supreme Court of Indiana.

April 24, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, section 11, the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** The parties agree to the following facts. On February 8, 1998, Respon-

dent was arrested and charged in Marion County with Criminal Recklessness, a class D felony; Criminal Mischief, a class D felony; Battery, a class A misdemeanor; Operating While Intoxicated, a class A misdemeanor; and Operating a Vehicle with a B.A.C. between .08% and .15%, a class C misdemeanor. On April 30, 1999, Respondent pled guilty to OWI and all other charges were dismissed. Respondent did not report his conviction to the Commission as required.

On August 18, 2003, Respondent was charged in Boone County with Operating While Intoxicated, a class A misdemeanor; and Operating a Vehicle with a B.A.C. of .08% or greater, a class C misdemeanor. On August 4, 2005, Respondent pled guilty to OWI, with the other charge being dismissed.

The parties agree to the following facts in mitigation: (1) Respondent has no other violations; (2) Respondent cooperated with the Commission's investigation; (3) Respondent successfully completed an 8-week intensive outpatient treatment program in 2003; (4) Respondent executed a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP") in 2003 and has been fully compliant; (5) Respondent's psychiatrist indicated Respondent maintains committed involvement in AA and his risk of relapse is minimal.

**Violations:** The parties agree that Respondent violated the following Indiana Professional Conduct Rules:

Rule 8.4(b): Commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer.

Rule 23 § 11.1(a)(2): Failure to report guilty finding to the Commission.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline:

(1) Respondent will receive a 90-day suspension from the practice of law, all stayed.

(2) Respondent will be placed on six months of probation with terms consistent with Respondent's existing JLAP monitoring agreement.

(3) Respondent will not be arrested for any crime based on probable cause or violate any Rule of Professional Conduct during his probation.

(4) Respondent will report any violations of his probation to the Commission.

(5) Respondent will consent to release of JLAP status reports to the Commission at three month intervals.

(6) Violation of any term of probation will cause the Commission to seek revocation of his probation and active service of the entire 90-day suspension without automatic reinstatement.

With the acceptance of this agreement the hearing officer appointed in this case is discharged. The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.